UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES,

                          Plaintiff,

          -against-

DESIGN NORTEX; THE BRANDED
PROFESSIONALS,

                          Defendants.

23-CV-6442 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants Design

Nortex and The Branded Professionals violated his rights.[1] By order dated July 27, 2023, the

Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff names both Design Nortex and The Branded Professionals as defendants, but
throughout the complaint, he only refers to a singular defendant.

[2] Plaintiff submitted the complaint and IFP application without signatures. By order dated
September 22, 2023, the Court directed Plaintiff to submit signed copies of the signature pages
of the complaint and IFP application. (ECF 3.) Plaintiff submitted the signed documents on
October 22 and October 23, 2023. (ECF 4, 5.)

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He invokes both the court's federal question jurisdiction and diversity of citizenship jurisdiction. In the space on the form where he is asked which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes,

> The defendant has deliberately sabotaged my company preventing the hiring of new web developer company to complete hired services in order to officially launch. The defendant's actions has left the corporation(s) business layouts vulnerable.

(ECF 1, at 2.)[3] Plaintiff further provides the following in his statement of claim,

> The defendant is being sued for breach of contract and negligence. The defendant's actions has prevented the official launch of corporation(s), which has resulted in damages in many forms. The defendant's actions has resulted in loss of revenue, depleted company investments, missed business opportunities, and has left the company's business layouts vulnerable. The damages are estimated in the amounts of millions of dollar, possibly accumulating in the billions of dollars. The defendant's actions effects multiple companies, preventing the flagship company(s) from launching. Additionally, the defendant refuses to provide a refund, preventing the hiring of a new web developer company in order to complete the company's website and mobile application.

(*Id.* at 5.)

Plaintiff states that "[m]oney damages are pending, but the defendant is being sued for the amount of millions of dollars." (*Id.* at 6.)

## DISCUSSION

### A.     Claims on behalf of other entities

The complaint is unclear as to whether Plaintiff is asserting claims on behalf of himself or on behalf of his business, which he refers to as a corporation. (*See* ECF 1, at 5.) To the extent that Plaintiff asserts claims on behalf of a corporation or other artificial entity, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305,

---

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the motion. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff does not allege that he is an attorney, and he does not state that his business is a sole proprietorship. Thus, to the extent that Plaintiff asserts claims on behalf of entities (other than any that are his sole proprietorships), the Court dismisses those claims without prejudice. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to amend his complaint to allege facts showing that he is asserting claims on his own behalf and not on behalf of another entity.

## B.    Subject matter jurisdiction

Plaintiff must also amend his complaint to allege facts showing that the Court has subject matter jurisdiction to consider this action. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, subject matter jurisdiction is available only when a "federal question" is presented or, when asserting claims under state law under a federal district court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.

1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501,

503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil

Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on

their own initiative. . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under

federal question jurisdiction if the complaint "establishes either that federal law creates the cause

of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir.

2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal

quotation marks omitted)). Mere invocation of federal question jurisdiction, without any facts

demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v.

Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff has not alleged facts showing that this Court can consider his claims under its

federal question jurisdiction. He states that he is asserting claims of breach of contract and

negligence, which are usually brought under state law, not federal law, and his allegations do not

suggest any viable federal cause of action.

To the extent that Plaintiff asserts claims under state law, his complaint does not show

that the Court has diversity of citizenship jurisdiction of this action. To establish diversity of

citizenship jurisdiction, a plaintiff must first allege that he and the defendants are citizens of

different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388

(1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if

diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he [or she] is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). In addition, for diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

Moreover, for diversity of citizenship jurisdiction, the plaintiff must also allege to a "reasonable probability" that his claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is the Court's duty, however, to dismiss an action where it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966) (alteration in original, internal quotation marks omitted)).

Plaintiff asserts that he is a citizen of the State of New York, and that Defendant Design Nortex is incorporated in the State of California, and that it has its principal place of business in that state. Thus, it appears that Defendant Design Nortex is a citizen of California. He provides a

Philadelphia, Pennsylvania address for Defendant The Branded Professionals, but he does not allege whether and where that defendant is incorporated and, if it is a corporation, where its principal place of business is located.[4] Accordingly, it is unclear what the state citizenship of Defendant The Branded Professionals, and thus, whether the parties are diverse for the purpose of this action.

In addition, Plaintiff seeks damages in the "millions of dollars" (*id.* at 6), but it is unclear from his complaint how, to a reasonable probability, his claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value $75,000.

For all of the reasons set forth above, it appears that the Court lacks subject matter jurisdiction to consider this action. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint alleging facts showing that the Court has subject matter jurisdiction to consider this action; to the extent that Plaintiff asserts claims under state law, under the court's diversity of citizenship jurisdiction, he must allege facts showing that the parties are diverse and that his claims in this action satisfy the jurisdictional amount for a diversity action, amount in excess of the sum or value of $75,000.

C.      **Request for *pro bono* counsel**

Plaintiff has filed a motion for the Court to request *pro bono* counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d

---

[4] Plaintiff does not indicate how Defendant The Branding Professionals is constituted; he does not state whether it is a corporation, a limited liability company, or is constituted in some other form. If it is a limited liability company, Plaintiff must allege the state citizenship of each of its members.

Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are

"[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too

early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for

counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid state law claim, on his own behalf, under the court's diversity of

citizenship jurisdiction, the Court grants Plaintiff 60 days' leave to amend his complaint to detail

his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and

plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has

an address for any named defendant, he must provide it. Plaintiff should include all of the

information in the amended complaint that he wants the Court to consider in deciding whether

the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured Plaintiff; how Plaintiff was injured; when and where Plaintiff was injured; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6442 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court denies Plaintiff's motion for the Court to request *pro bono* counsel without prejudice to renewal at a later date. (ECF 4.) As summonses have not been issued, the Court denies Plaintiff's motion for default judgment. (ECF 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
           (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State               Zip Code

_____          _____

Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                      Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                      Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                      Zip Code

Defendant 4:

_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.