UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SCALES,<br><br>                Plaintiff,<br><br>-against-<br><br>DESIGN NORTEX; THE BRANDED PROFESSIONALS,<br><br>                Defendants. | 23-CV-6442 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action invoking both the Court's federal question and diversity of citizenship jurisdiction and asserting that Defendants Design Nortex and The Branded Professionals violated his rights. By order dated January 2, 2024, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on March 29, 2024, and the Court has reviewed it. For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

Plaintiff filed the original complaint naming both Design Nortex and The Branded Professionals as defendants, but throughout the complaint he only referred to a singular defendant, which he did not specify. Plaintiff alleged that the unnamed defendant "deliberately sabotaged [his] company [by] preventing the hiring of new web developer company" and the official launching of his company. (ECF 1, at 2.)[1] He asserted claims for breach of contract and negligence, and sought millions of dollars in damages.

---

[1] The Court quotes from the original and amended complaints verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

In the January 2, 2024 order, the Court: (1) dismissed any claims Plaintiff was attempting to assert on behalf of his corporation because as a *pro se* litigant Plaintiff, who did not allege that he was an attorney, could not bring claims on behalf of the corporate entity; and (2) held that the Court did not have subject matter jurisdiction of any claims Plaintiff may be bringing individually or as a sole proprietorship because there was no federal question jurisdiction of his breach of contract and negligence claims, which are usually brought under state law, and he had not plead sufficient facts about the citizenship of each defendant or alleged facts plausibly suggesting that he suffered any damages in excess of $75,000 to establish diversity jurisdiction. The Court, however, granted Plaintiff 60 days' leave to amend his complaint to allege facts establishing that the Court has subject matter jurisdiction of his claims.

In the amended complaint, Plaintiff solely invokes the Court's federal question jurisdiction and asserts claims of breach of contract, negligence, and "possible economic espionage," and refers to intellectual property. (ECF 10, at 2, 6.) He again sues Design Nortex and The Branded Professionals, but he makes allegations only with respect to Design Nortex. Plaintiff asserts that Design Nortex was hired to develop the website and mobile application of his company, Taskem, which were needed to launch the company. Design Nortex, however, breached the contract by removing "custom software and mobile app functionality," and designing a web page that "was missing [Plaintiff's] direction and lack[ing] professional quality." (*Id*. at 5.) Plaintiff claims that Design Nortex failed to complete the project in a timely manner leading to loss of intellectual property, revenue, and "disrupted business opportunities." (*Id*. at 6.) Plaintiff seeks an order compelling Design Nortex to complete Taskem's website and mobile applications and money damages of $50,000,000.

## DISCUSSION

### A.     Claims on behalf of Taskem

Plaintiff, who does not allege that he is attorney, again appears to bring claims on behalf of Taskem, which he identifies as a corporation and his company. As discussed in the Court's January 2, 2024 order, however, Plaintiff cannot assert claims on behalf of other entities (other than any entity that was his sole proprietorship). Because Plaintiff does not allege that he is an attorney or that Taskem is a sole proprietorship, any claims he brings on behalf of Taskem are dismissed without prejudice for the reasons discussed in the Court's January 2, 2024 order. (ECF 6, at 4.)

### B.     Subject matter jurisdiction

Plaintiff's amended complaint also does not allege facts sufficient to allow the Court to exercise subject matter jurisdiction exercise of any claims he may have asserted individually or as a sole proprietorship. Although Plaintiff invokes federal question jurisdiction, his amended complaint, like his original complaint, asserts largely claims of breach of contract and negligence. As discussed in the Court's January 2, 2024 order, such claims are usually brought under state law, not federal law. (*Id.* at 6.) Plaintiff also refers to intellectual property but alleges no facts suggesting he has any claims that would fall under federal intellectual property laws such as the Lanham Act for trademark violations or the Copyright Act for copyright infringement.[2] Mere invocation of federal jurisdiction, without any facts demonstrating a basis

---

[2] The Lanham Act, which is also known as the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051-1127, is the federal statute governing trademark infringement. The Act gives a seller or producer "the exclusive right to 'register' a trademark . . . and to prevent his or her competitors from using that trademark." *Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 162 (1995) (citing Lanham Act, 15 U.S.C. §§ 1052, 1114(1)). To state a claim under the Lanham Act, a plaintiff must establish that: (1) he owns a valid mark entitled to protection under the Lanham Act; (2) defendant used the protected mark in commerce, without plaintiff's consent; and (3) "defendant's use of that mark is likely to cause consumers confusion as to the origin or

3

for a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). The Court does not have federal question jurisdiction of this action.

Because the amended complaint is asserting claims under state law, the Court will examine whether it can consider such claims under its diversity subject matter jurisdiction. The Court refers to its January 2, 2024 order as to the requirements for an action to be considered under its diversity subject matter jurisdiction. In the amended complaint, Plaintiff asserts that he is a citizen of the State of New York, and that Defendant Design Nortex is incorporated and has its principal place of business in the State of California. He further asserts that Defendant The Branded Professionals is located in Los Angeles, California, but he does not allege whether and where that defendant is incorporated and, if it is a corporation, where its principal place of business is located.[3] Accordingly, it is unclear what the state citizenship of Defendant The Branded Professionals is, and thus, whether the parties are diverse for the purpose of this action.

Even if the Court were to dismiss The Branded Professionals as a party to this action because Plaintiff alleges no facts against this entity, and assume, for the purpose of this order,

---

sponsorship of the defendant's goods." *Merck & Co, Inc., v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 411 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).

The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). "To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted).

[3] As in the original complaint, Plaintiff does not indicate in the amended complaint how Defendant The Branding Professionals is constituted; he does not state whether it is a corporation, a limited liability company, or is constituted in some other form. If it is a limited liability company, Plaintiff must allege the state citizenship of each of its members.

that the citizenships of Plaintiff and Defendant Design Nortex are diverse, Plaintiff still fails to establish diversity jurisdiction of this action. He does not allege facts sufficient to show, in good faith, that, to a reasonable probability, his claims under state law satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000.

There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Where a complaint, however, does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Chavez v. Maker*, No. 18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) ("A plaintiff seeking to invoke diversity jurisdiction 'cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" (citation omitted)), *report & recommendation adopted sub nom.*, *Chavez v. Wylie,* 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that " the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Here, Plaintiff seeks $50,000,000 in damages, but he does not allege any facts about what losses he incurred or why Defendants should be held liable for that amount. He therefore does not allege facts plausibly suggesting that he has suffered any damages amounting to the $50,000,000 he seeks.

Plaintiff does not plead facts in the amended complaint to overcome the Court's finding that it cannot exercise either federal or diversity jurisdiction of this action. The Court must therefore dismiss the action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## C.   Leave to amend denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to replead.

## CONCLUSION

For the reasons stated in this order, this action is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   May 6, 2024
             New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge